[Civ. No. 53602. Second Dist., Div. Two. Dec. 15, 1978.]

DONEL, INC., Plaintiff and Respondent, v.
MIKE BADALIAN, Defendant and Appellant.

## COUNSEL

David H. Caplow for Defendant and Appellant.

Fulop, Rolston, Burns & McKittrick, Alan M. Mund and Gerald M. Fisher for Plaintiff and Respondent.

## OPINION

**COMPTON, J.**—This is an appeal from an order of the Superior Court of Los Angeles County denying defendant Mike Badalian's motion to vacate a California judgment entered on a foreign judgment rendered by the Circuit Court of the State of Hawaii.

In 1975, Donel, Inc., a corporation in the State of Hawaii, purchased "video machines" and an operating franchise in Hawaii from International Video, a California corporation. The purchase price was $15,000 and the contract was executed in the State of Hawaii. Mike Badalian was apparently an officer or representative of International Video.

On August 8, 1975, the attorney for Donel, Inc. directed a letter to International Video, 8106 Sunset Boulevard, Los Angeles, California, "Attention: Mr. Mike Badalian." That letter complained of certain actions of International Video and threatened a lawsuit for treble damages unless Donel was reimbursed in the amount of $10,000. Significantly the letter also made reference to the availability in Hawaii of a procedure for substituted service of process.

Receipt of the letter was acknowledged by David Caplow, attorney at law, whose office is located in Los Angeles. There followed an exchange of correspondence in which counsel for both sides discussed the claims and counterclaims of the parties. The final letter from Mr. Caplow to counsel in Hawaii was dated December 29, 1975. That letter made an offer of settlement and requested a reply.

Shortly thereafter, Donel, Inc. instituted an action in the Circuit Court of Hawaii against Badalian and others. On May 28, 1976, counsel for Donel served the summons on the Department of Regulatory Agencies of

the State of Hawaii pursuant to sections 634-35, subdivision (b) and 634-36 of the Hawaii Revised Statute.[1]

On June 16, 1976, an application was made to the Circuit Court in Hawaii for an order for service by publication. The order was issued and publication was effected.

On November 16, 1976, the Circuit Court of Hawaii entered a default judgment against Badalian in the amount of $47,082.81. Application for entry of judgment on a sister state judgment was filed in the Superior Court of Los Angeles County on January 24, 1977, and judgment was entered in Los Angeles on February 7, 1977, pursuant to Code of Civil Procedure section 1710.25.[2]

---

[1]Hawaii's Revised Statute section 634-35, subdivision (b) provides: "Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made as provided by Section 634-36, and if he cannot be found in the state, with the same force and effect as though summons had been personally served within this State."

Section 634-36 provides in part: "When service of summons is provided for by Sections 634-33, 634-34, or 634-35, service shall be made by leaving a certified copy thereof with the director of regulatory agencies or his deputy. . . . provided that notice of the service and a certified copy of the summons and of the complaint are served upon the defendant personally by any person authorized to serve process . . . postage prepaid, with return receipt requested. . . . to the defendant. The plaintiff . . . shall file the return of the serving officer or an affidavit showing that the notice and the copy of summons and complaint were served as aforesaid or sent by certified or registered mail as aforesaid. . . . The Service shall be deemed complete upon delivery of the required papers to the defendant outside the State, personally or by mail as provided. After service on the director or his deputy, if the defendant cannot be found to serve or mail the summons and the facts appear by affidavit or otherwise to the satisfaction of the court, it may order that service be made by publication of summons in at least one newspaper published in the State and having a general circulation in the circuit in which the action has been instituted, in such manner and for such time as the court may order, but not less than once each week in four successive weeks, the last publication to be not less than twenty-one days prior to the return date stated therein."

[2]Code of Civil Procedure section 1710.25 provides:
"(a) Upon the filing of the application, the clerk shall enter a judgment based upon the application for the total of the following amounts as shown therein:
"(1) The amount remaining unpaid under the sister state judgment.
"(2) The amount of interest accrued on the sister state judgment (computed at the rate of interest applicable to the judgment under the law of the sister state, but not at a rate in excess of 7 percent per annum).
"(3) The amount of the fee for filing the application for entry of the sister state judgment.
"(b) Entry shall be made in the same manner as entry of a judgment of the superior court. From the time of entry, interest shall accrue on the judgment so entered at the rate of 7 percent per annum."

Defendant Badalian was personally served with the application in Los Angeles. He thereafter moved to vacate the judgment on the grounds that the Circuit Court of Hawaii did not obtain in personam jurisdiction over him in that the service by publication in Hawaii was ineffective for that purpose. His motion was denied in October 1977. This appeal followed.

The affidavit originally submitted by Donel's counsel in support of the application for an order for publication of service is not before us. What we do have is an affidavit by that counsel, an affidavit by his secretary and one by the president of Donel, Inc., which were filed in opposition to the motion to vacate in the Superior Court of Los Angeles County. We assume that they contain the facts which were presented to the court in Hawaii.

In summary, the facts are that copies of the summons and complaint were mailed to Badalian at the above mentioned address on Sunset Boulevard in Los Angeles and were returned unclaimed. The secretary for Donel's counsel then checked the telephone directory for Los Angeles and environs and could find no other address for Badalian. The president of Donel, Inc. alleged that he knew of no other address for Badalian.

At the hearing on the motion to vacate in the Superior Court of Los Angeles County, Donel produced the declaration of an attorney associated with Donel's present local counsel in Los Angeles to the effect that in attempting to serve Badalian with the application for entry of judgment of a sister state judgment, she checked the records of the Los Angeles County clerk and found a fictitious business name statement which had previously been filed by International Video and which contained a residence address for Badalian on Genesee Street in Los Angeles.

It is undisputed that neither Badalian nor Attorney Caplow ever received a copy of the original summons and complaint nor did either have actual notice of the action prior to entry of the judgment in Hawaii. Further, it is undisputed that at no time did Donel or its counsel inquire of attorney Caplow as to the whereabouts of Badalian prior to publishing service in Hawaii.

A judgment of a sister state must, of course, be afforded full faith and credit in California. (U.S. Const., art. IV, § 1.) A foreign judgment is not, however, afforded full faith and credit if rendered by a court that lacked jurisdiction of the subject matter or the parties. (*Williams* v. *North Carolina,* 325 U.S. 226 [89 L.Ed. 1577, 65 S.Ct. 1092, 157 A.L.R. 1366];

*Griffin* v. *Griffin,* 327 U.S. 220 [90 L.Ed. 635, 66 S.Ct. 556]; *In re Marriage of Leff,* 25 Cal.App.3d 630 [102 Cal.Rptr. 195].)

■ Essential to in personam jurisdiction to render a money judgment is notice and an opportunity to be heard in conformance with due process of law. (U.S. Const., 14th Amend., § 1; *Mullane* v. *Central Hanover Tr. Co.,* 339 U.S. 306 [94 L.Ed. 865, 70 S.Ct. 652]; *Grinbaum* v. *Superior Court,* 192 Cal. 528 [221 P. 635]; Rest. 2d Conf. of Laws, § 25, p. 109; Rest., Judgments, § 6, p. 36.)

"[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, . . . Exceptions in the name of necessity do not sweep away the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties." (*Mullane* v. *Central Hanover Tr. Co., supra,* at pp. 315, 318 [94 L.Ed. at pp. 874, 875].)

Factually, *Mullane* determined that where mailing of summons was reasonably feasible, any method of service less likely to provide actual notice is insufficient.

■ In compliance with the doctrine of *Mullane* both California[3] and Hawaii[4] have provided for substituted service by mailing a copy of the process and as a last resort permit service by publication.

As required by notions of fair play and justice embodied in the concept of due process of law, both statutes require an exercise of reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication.

---

[3]Code of Civil Procedure section 415.50, subd. (a) provides: "A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with *reasonable diligence* be served in another manner specified in this article." (Italics added.)

[4]Hawaii Revised Statute section 634-23, subdivision (2) provides in part: "If a defendant is unknown or does not reside within the state or if, *after due diligence,* he cannot be served with process within the state, and the facts shall appear by affidavit to the satisfaction of the court, it may order that service be made as provided by Section 634-24 or by publication, as may be appropriate; provided, that service by publication shall not be valid unless, it is shown to the satisfaction of the court that service cannot be made as provided by Section 634-24." (Italics added.)

Facially Donel, here, complied with the requirements of the statutes of Hawaii. Both the Hawaii and California trial courts found the requisite jurisdictional facts. The question for us is whether, on the undisputed facts, it can be said that, as a matter of law, Donel failed to exercise that quantum of diligence as would justify resort to service by publication.

In each case where the question here presented is under review the particular facts will control. No single formula nor mode of search can be said to constitute due diligence in every case.

"[I]n proceeding to avail himself . . . for constructive service of summons, a plaintiff must, in fact, have exercised due diligence. A mere formal compliance with the provisions of the statute, or a statement to that effect in his affidavit, will not suffice; nor will an order for publication based upon such an affidavit, or a judgment following a service of publication thereon, · be conclusive of the fact that such diligence was exercised." (*Stern* v. *Judson,* 163 Cal. 726, at p. 735 [127 P. 38].)

█ In our review we are not limited to the recital of the foreign judgment nor to the facts presented to the court in Hawaii. The extrinsic evidence which shows that Badalian's address was readily ascertainable from a public record in Los Angeles County can also be considered. (*In re Marriage of Leff, supra,* 25 Cal.App.3d 630.) The question is simply whether Donel took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances.

█ In the instant case, Donel's diligence prior to publication consisted of the single act of searching telephone directories. Certainly such a search is one reasonable step to be taken but it does not exhaust the myriad of other avenues, such as city directories and tax rolls, to name two, for locating persons. It is a matter of common knowledge that many persons have unlisted telephone numbers. It is significant to us that after obtaining judgment, Donel was apparently successful in locating Badalian by simply examining the fictitious name file in the office of the county clerk for record of the company with which Donel had done business.

More significant and controlling in this case is the fact that Donel failed to take the one step which patently appeared to hold the most promise for locating Badalian—an inquiry addressed to Attorney Caplow.

Counsel for Donel had been in extensive correspondence with Attorney Caplow concerning Donel's grievance against the various defendants. Caplow's last letter contained a proposal of settlement. It seems logical to us that, if Donel truly desired to give Badalian notice of the pending action, counsel would have at least advised Attorney Caplow of his inability to serve Badalian and sought from him information as to Badalian's whereabouts *before* sending a secretary to search several volumes of telephone directories.

Donel contends that Attorney Caplow's letters indicated that his "client" was International Video. From this, Donel argues that it had no reason to believe that Attorney Caplow was authorized to accept service for Badalian. That argument misses the point.

The issue is not whether Caplow was authorized to accept service for Badalian. The issue instead is whether he was a person who might reasonably be expected to know of Badalian's whereabouts.

We emphasize, what was indicated earlier, that the original letter which Donel's counsel addressed to the "attention of" Badalian was promptly answered by Mr. Caplow. In his correspondence and offer of settlement it appears that Mr. Caplow was speaking on behalf of all persons connected with International Video and against whom Donel had complaints. At least that correspondence could not be reasonably interpreted as indicating that Caplow had no knowledge of Badalian.

In summary, we hold that as a matter of law Donel failed to exercise reasonable diligence in attempting to locate Badalian prior to applying to the court in Hawaii for permission to serve Badalian by publication.

That being so, Donel failed to strictly comply with the statute under which it purported to obtain jurisdiction over Badalian. ■ When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack. (*Bank of America* v. *Carr,* 138 Cal.App.2d 727 [292 P.2d 587].)

The judgment is reversed and the matter is remanded to the Superior Court of Los Angeles County with directions to enter an order granting

Badalian's motion to vacate the judgment rendered pursuant to Code of Civil Procedure section 1710.25.

Fleming, Acting P. J., and Beach, J., concurred.