[No. B084788. Second Dist., Div. Seven. Apr. 26, 1995.]

TRANSAMERICA TITLE INSURANCE COMPANY, Plaintiff and Respondent, v.
MICHAEL B. HENDRIX, Defendant and Appellant.

**COUNSEL**

Michael B. Hendrix, in pro. per., for Defendant and Appellant.

Michael J. Melton for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—This case comes to us following the trial court's refusal to reconsider a default judgment entered against appellant. Although this court

must give deference to a trial court's finding of fact (see generally, *Dolan* v. *Buena Engineers, Inc.* (1994) 24 Cal.App.4th 1500 [29 Cal.Rptr.2d 903]), we find the error in this case turns on a question of law. The factual question as to whether the trial judge erred in finding respondent fully complied with Code of Civil Procedure section 415.50, subdivision (b) is irrelevant. We hold as a matter of law respondent failed to comply with the prerequisites in filing its application for an order allowing service by publication. Accordingly, we reverse and remand.

### FACTS AND PROCEEDINGS BELOW

This case follows an earlier complaint involving the same parties and the same cause of action. The first complaint was dismissed on March 29, 1992.[1] The present action arose in June of 1992 when respondent filed a second complaint alleging appellant's failure to repay a promissory note and seeking damages for common counts.

The parties agree appellant was not a resident of California at the time the second complaint was filed. Further, the parties agree appellant maintained a post office box in California at the time respondent filed its application for order for service by publication in the instant case.[2]

Despite respondent's knowledge of appellant's post office box, however, respondent indicated on its application to serve by publication it was unable to serve appellant by mail.[3] Code of Civil Procedure section 415.50, subdivision (a) provides a "summons may be served by publication if upon affidavit it appears to the satisfaction of the court . . . the party to be served cannot with reasonable diligence be served in another manner specified in

---

[1]The first complaint, Transamerica Title Ins. Co. v. Hendrix (Super. Ct. L.A. County, 1992, No. BC041253) was dismissed for two reasons: respondent counsel's failure to appear at an order to show cause hearing, and respondent's failure to file a proof of service on the defendant.

[2]Respondent admits, by reference, knowledge of the appellant's post office box in respondent's application for order for publication of summons. On the second page of the application, in response to a question asking why service could not be made on the appellant's dwelling house, normal place of abode, or usual place of business, respondent refers to the declaration of James R. Young. Mr. Young is a private investigator whose declaration states he located the post office box belonging to appellant and was told by postal employees the post office box was a "good address" for the appellant.

[3]Code of Civil Procedure section 415.30, service by mail, establishes the following: "(a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subsection (b) and a return envelope, postage prepaid, addressed to sender."

Subdivision (b) specifies the textual form of the notice is required to follow.

this article. . . ." Service by mail, pursuant to Code of Civil Procedure 415.30, is "another manner specified in this article."

Respondent explained its failure to serve appellant pursuant to Code of Civil Procedure section 415.30 by stating in its affidavit, "Defendant's address unknown."[4] Based on respondent's assertion it could only serve appellant by publication, the judge granted respondent's request for an order for publication. Accordingly, notice of respondent's summons appeared in the Los Angeles Daily Journal beginning May 14, 1993, and ran once a week for four successive weeks.

There is some debate as to whether respondent mailed appellant a copy of the correct summons and complaint in connection with the service by publication.[5] Appellant argues respondent erroneously sent him a status conference questionnaire pertaining to Levistre Management Systems, Inc. v. Pastrana, a case to which appellant has no affiliation.

Respondent's assertions concerning mailings to appellant are somewhat muddled. In its reply brief, respondent argues appellant admitted having received mail from respondent's attorneys concerning the action underlying this appeal. Respondent's brief also states respondent sent appellant a copy of the summons and complaint as required by Code of Civil Procedure section 415.50.

In March 1994, however, during a hearing which followed the trial court's entry of a default judgment, respondent's attorney stated "there was no mailing because we did not ascertain any new address . . . ." Two months later, in a related hearing, another attorney representing respondent stated respondent *did* mail appellant a copy of the summons and complaint. The latter attorney, however, admitted respondent mistakenly attached a portion of the Levistre status conference questionnaire to the summons and complaint mailed to appellant.

Despite the disagreement as to what, if anything, was mailed to appellant, the parties concur appellant did not respond to the published summons. Consequently, the trial court entered a default judgment against appellant on October 29, 1993, for the sum of $184,368.09 plus interest.

---

[4]Application for order for publication of summons, question No. 4.

[5]Code of Civil Procedure section 415.50, subdivision (b) states: "The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served *and direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication* of the summons." (Italics added.)

In February 1994, upon learning of the judgment against him, appellant petitioned the trial court to set aside or vacate the default judgment. The court, while listening to appellant's arguments, denied appellant's motion on both factual and procedural grounds. Factually, the court found respondent did all it could reasonably have done to serve appellant with notice. Procedurally, the court found appellant failed to comply with Code of Civil Procedure section 473 because appellant's application for relief was not accompanied by a proposed answer to respondent's complaint.[6] In May 1994, appellant brought a motion under Code of Civil Procedure section 473.5[7] again asking the court to vacate or set aside the previously affirmed default judgment. Once more, the trial court denied appellant's motion, basing its decision on both factual and procedural grounds. Factually, the judge stated respondent made every reasonable effort to communicate with appellant. Procedurally, the court said appellant was precluded from arguing the previously argued issue absent the introduction of new facts, new circumstances, or new law which did not exist at the time of the earlier hearing. Accordingly, the judge again dismissed appellant's claim. Appellant filed a timely notice of appeal.

## DISCUSSION

While the trial judge repeatedly exhibited a great deal of patience in considering appellant's arguments, the decision below must be reversed because the trial court erroneously granted the initial order for publication of summons upon which all subsequent proceedings, including the default judgment, depend. It appears respondent intentionally or unintentionally falsified the application for order for publication of summons by stating service could not be made pursuant to Code of Civil Procedure section 415.30, which authorizes service by mail.[8] At the time respondent filed its application under 415.50, subdivision (b), respondent did not possess a residence or business address for appellant. However, at that time respondent did possess knowledge of a post office address for appellant and knew he

---

[6]Code of Civil Procedure section 473, entitled Amendments Permitted by Court, states in part: "The court may, upon such terms as may be just, relieve a party or his legal representative from a a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted. . . ."

[7]Code of Civil Procedure section 473.5 states, in relevant part: "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him in such action, he may serve and file a notice of motion to set aside such default or default judgment and for leave to defend the action."

[8]See footnote 3, *ante.*

was receiving mail at that post office address.[9] Respondent may have believed it could not comply with section 415.30 by mailing to a post office box,[10] yet no case law or statute supports such a belief.

■ The Judicial Council comment following Code of Civil Procedure section 415.50 states service by mail is not required "where a defendant's whereabouts and his dwelling house or usual place of abode, etc. cannot be ascertained with reasonable diligence." (Judicial Council of Cal. com., Deering's Ann. Code Civ. Proc. (1991 ed.) § 415.50, p. 676.) However, we do not read this comment to exclude service by mail in the instant case. Although respondent could not ascertain appellant's "dwelling house or usual place of abode," we believe the post office box falls into the "etc." category. (See *Donel Inc. v. Badalian* (1978) 87 Cal.App.3d 327 [150 Cal.Rptr. 855] [where mailing of summons is reasonably feasible, any method of service less likely to provide actual notice is insufficient]; *Mullane v. Central Hanover Tr. Co.* (1950) 339 U.S. 306, 315-318 [94 L.Ed. 865, 873-876, 70 S.Ct. 652] [for the same proposition]; see also *U.S. v. $84,740.00 U.S. Currency* (9th Cir. 1990) 900 F.2d 1402 [in addition to service by publication, the government served defendants with a forfeiture complaint by sending two certified letters to defendants' post office box].)

Our finding a post office box is a sufficient address for compliance with Code of Civil Procedure section 415.30 also is supported by case law interpreting the statutory predecessor to Code of Civil Procedure section 415.50. Former Code of Civil Procedure section 413[11] required "a copy of the summons and complaint to be forthwith deposited in the post office, directed to the person to be served, at his place of *residence. . . .*" (Italics added.) At least two courts defined the term "residence" not as the defendant's abode, but rather as "the address at which letters would be most likely

[9]At oral argument, it is interesting to note, respondent's counsel denied respondent had any knowledge of appellant's post office box prior to respondent's application for publication of summons. As a result of counsel's statement, we have reexamined the record. Contrary to counsel's representation, however, we find the record irrefutably shows respondent knew of appellant's post office box on or prior to March 15, 1993, the date on which James R. Young stated in a sworn declaration his investigation firm had located appellant's post office box address. Further, the record shows when respondent filed its application for order for publication of summons on March 18, 1993, respondent stated "Defendant's address unknown." Thus, as March 15, 1993, unquestionably preceded March 18, 1993, we conclude respondent did in fact have knowledge of appellant's post office box prior to respondent's application for publication of summons.

[10]During the May 11, 1994, hearing on appellant's second motion, respondent's counsel stated "Your Honor, we were unable to serve Mr. Hendrix at a P.O. mail box. Mailing to a P.O. Box is not adequate service. It has to be reasonably calculated to get to him."

[11]Code of Civil Procedure section 415.50 superseded Code of Civil Procedure sections 412 and 413.

to reach the defendant." (*Sousa* v. *Freitas* (1970) 10 Cal.App.3d 660, 663 [89 Cal.Rptr. 485]; cf. *San Diego Sav. Bank* v. *Goodsell* (1902) 137 Cal. 420, 427 [70 P. 299].)

This interpretation of "residence" is relevant to our holding a post office box is a sufficient address for service under Code of Civil Procedure 415.30 because it demonstrates how statutory language and judicial comments should be read to achieve the statute's fundamental objective of serving notice on the defendant. Whenever possible, a statute should be interpreted as broadly as necessary to effectuate the statute's purpose. (See generally, *S.E.C.* v. *Rana Research, Inc.* (9th Cir. 1993) 8 F.3d 1358, 1362 [interpreting language in Securities and Exchange Commision rule 10b-5 as broadly and as flexibly as necessary to accomplish the statute's purpose]; cf. *Western Oil & Gas Assn.* v. *Monterey Bay Unified Air Pollution Control Dist.* (1989) 49 Cal.3d 408, 425 [261 Cal.Rptr. 384, 777 P.2d 157] [where a statute has two possible interpretations, courts should apply the more reasonable of the two].)

Thus, based on respondent's failure to attempt service by mail pursuant to Code of Civil Procedure section 415.30 prior to filing its application for order for publication of summons, we find the Code of Civil Procedure 415.50 motion was defective as a matter of law. Respondent knew appellant's post office address and that his mail was being picked up from that box. Yet respondent did not attempt to serve appellant by mail. Respondent's failure to attempt to serve appellant pursuant to Code of Civil Procedure 415.30[12] invalidated respondent's application for service by publication. (See generally, *Donel Inc.* v. *Badalian, supra,* 87 Cal.App.3d 327, and *Mullane* v. *Central Hanover Tr. Co., supra,* 339 U.S. 306.)

██  Because we find the Code of Civil Procedure 415.50 motion was defective as a matter of law, we need not address appellant's arguments concerning whether respondent mailed, or should have mailed, appellant a copy of the summons pursuant to section 415.50, subdivision (b).[13] We hold, based on the respondent's failure to comply with Code of Civil Procedure section 415.30, the section 415.50 motion was incorrectly granted as a matter of law and therefore service by publication was invalid in this instance. Accordingly, appellant's failure to file an answer to the improperly served complaint did not represent a default. It was error to enter default and beyond the power of the court to do so. The trial court had a legal duty, not merely discretionary power, to vacate the default it had erroneously entered.

[12]See footnote 3, *ante.*
[13]See footnote 5, *ante.*

## DISPOSITION

This cause is reversed and remanded with directions the trial court vacate the default and the default judgment, to then permit appellant to file an answer, and for further proceedings consistent with this opinion. Applicant to receive costs.

Lillie, P. J., and Woods (Fred), J., concurred.