[No. B191247. Second Dist., Div. Eight. May 31, 2007.]

JOHN A. CARR, Plaintiff and Respondent, v.
ARLENE FRANCES KAMINS, Defendant and Appellant.

**COUNSEL**

Albert Lon Chaney III for Defendant and Appellant.

Law Offices of Nate G. Kraut and Nate G. Kraut for Plaintiff and Respondent.

**OPINION**

**FLIER, J.**—Arlene Frances Kamins appeals from the superior court's orders denying her motion to vacate a judgment quieting title to property and denying her motion for reconsideration.[1] Because we find the judgment was obtained in violation of appellant's constitutional right to due process of law, we reverse the order denying the motion to vacate the judgment.

## FACTS AND PROCEDURAL HISTORY

On November 26, 2000, respondent John A. Carr filed a complaint to quiet title by adverse possession to the property at 101 North Cedar Avenue, Inglewood, California 90301 (Inglewood property). He named as defendants Joseph F. Kamins and "the testate and intestate successors of Joseph F. Kamins, believed to be deceased[,] and all persons claiming by, through, or under such decedent."

Asserting he was unable to serve Joseph F. Kamins by personal or substituted service, respondent obtained an order for service by publication of the amended summons from the court. On October 19, 2001, the clerk entered the default of all defendants and, after an evidentiary hearing, the court entered a judgment in respondent's favor quieting title to the Inglewood property.

Four years later, on November 4, 2005, appellant brought a motion to set aside and vacate the judgment, contending it was obtained as a result of actual and extrinsic fraud and in violation of her constitutional right to due process of law. Appellant declared she was the daughter of Joseph F. Kamins, who at his death in 1989 owned a three-unit residential property located at "101, 103 and 105 North Cedar Avenue," i.e., the Inglewood property. Appellant declared she was unsophisticated about legal matters and never filed a petition to probate her father's estate. She paid the property taxes from 1989 to 1992 but was delinquent afterwards because of financial difficulties. She asserted she moved into the unit at 105 North Cedar Avenue in March 1995 and since then had "received my mail at 105 North Cedar Avenue,

---

[1] Appellant's appeal from the judgment was previously dismissed as untimely.

parked my car in the property's garage and driveway, hung my curtains in the windows, paid the water, gas, phone and electric utilities, and come and gone on a daily basis without interference."

Appellant stated she had no knowledge of the quiet title action or the judgment prior to April 2002.[2] She stated she was never served with the summons or complaint or with any other document or notice in this action, nor was she aware of any posting at or near units 101, 103 or 105. Appellant acknowledged she was served with an unlawful detainer action in February 2004 and a second unlawful detainer action in September 2004. She contacted several attorneys after being served the second time, but she could not afford their retainers. She was told by free legal service providers that adverse possession claims were too specialized for them to handle.

Respondent in opposition argued that the motion was untimely since appellant waited over three years before moving to vacate the judgment. Respondent stated he would be unfairly prejudiced since his single most important witness, Karen Evans, whose interest in the property he had purchased, had recently died.[3] In support of the judgment quieting title, respondent had submitted a declaration from Evans attesting that she was in open and notorious possession of the Inglewood property for a period of more than five years prior to June 2000, when she quitclaimed her interest to respondent. Respondent declared he would also be prejudiced financially since he had spent over $40,000 on taxes, maintenance and improvements on the Inglewood property in the four years since the judgment was entered. Respondent provided a declaration showing the tax assessor's roll indicated the common street address of the Inglewood property is in fact "101 North Cedar Avenue" and the tax and utility bills for the property also reflected that address.

The trial court denied appellant's motion to vacate the judgment on the grounds that (1) appellant had not presented admissible evidence that the order for publication of amended summons was obtained by fraud; (2) assuming for argument's sake appellant did not know of the judgment quieting title until February 2004, appellant failed to present any evidence regarding why she did not seek relief within a reasonable time after learning of the judgment; and (3) appellant's delay in seeking to set aside entry of default caused respondent actual prejudice because a "crucial witness" to his claim was no longer available as a witness.

Appellant moved for reconsideration. She asserted that she was never served with a summons in a manner consistent with due process and she had

[2] Appellant's counsel asserted at the hearing on the motion to vacate that appellant in fact had not learned of the default judgment until February 2004.

[3] Appellant's declaration indicated Evans died in May 2005.

new evidence in the form of a utility company letter showing she had maintained electrical services at "105 North Cedar Avenue."

The court denied appellant's motion for reconsideration. The court found that appellant had failed to provide any reason why she could not have produced the new evidence earlier and, even were the court to accept the new evidence, judgment had properly been entered to quiet title to "101 N. Cedar Avenue, Inglewood, California 90301," not "105 N. Cedar Avenue, Inglewood, California 90301."

Appellant appealed from both of the court's orders.

## DISCUSSION

1. *Appealability*

Respondent asserts that neither the order denying appellant's motion to vacate the judgment nor the order denying reconsideration of that motion is appealable.

■ Respondent concedes that a *statutory* motion to vacate the judgment is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2) as a special order after judgment.[4] However, he notes that appellant's motion was a *nonstatutory* motion to vacate the judgment, which is not appealable. (See *Lamb v. Holy Cross Hospital* (1978) 83 Cal.App.3d 1007, 1011 [148 Cal.Rptr. 273].) Appellant, on the other hand, contends the order denying her motion to vacate is appealable as a special order made after entry of judgment. (See § 904.1, subd. (a)(2).) We agree with appellant.

■ Appellant asserts the judgment is void because she was not personally served in the action and respondent committed extrinsic fraud in obtaining an order for service by publication. If a judgment is void, an order giving effect to the void judgment is subject to appeal even if the underlying judgment was also appealable. (*County of Ventura v. Tillett* (1982) 133 Cal.App.3d 105, 110 [183 Cal.Rptr. 741], disapproved on another ground in *County of Los Angeles v. Soto* (1984) 35 Cal.3d 483, 492, fn. 4 [198 Cal.Rptr. 779, 674 P.2d 750].) "A judgment is void on its face if the court which rendered the judgment lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant. [Citations.]" (*County of Ventura*, at p. 110.) An order after judgment that gives effect to a judgment that is void on its face is itself void and subject to appeal even if the judgment itself is not appealed. (*Residents for Adequate*

---

[4] All further statutory references are to the Code of Civil Procedure.

*Water v. Redwood Valley County Water Dist.* (1995) 34 Cal.App.4th 1801, 1805 [41 Cal.Rptr.2d 123]; see 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 155, pp. 220–221.) The order denying appellant's motion to vacate the judgment is therefore appealable.

In light of our holding, *post*, we need not reach the issue of whether the denial of the motion for reconsideration of the order denying the motion to vacate is appealable since we hold the trial court erred in denying appellant's motion to vacate the judgment.

### 2. *The Service by Publication Was Ineffective*

#### A. *In Effect, Respondent Conducted a Search Only for Joseph F. Kamins*

In this case, because respondent had reason to believe Joseph F. Kamins might be deceased and pursuant to section 762.030, respondent named as additional defendants "the testate and intestate successors of Joseph F. Kamins, believed to be deceased[,] and all persons claiming by, through, or under such decedent," a description that included appellant. (See § 762.030, subd. (b).) Respondent requested, and the court granted, an order authorizing service of the amended summons by publication based upon an affidavit of respondent that merely referred back to an affidavit of search filed five and one-half months earlier. (§ 763.010, subd. (b).)

The prior affidavit of search upon which the trial court authorized service of the amended summons by publication revealed that a search was made for only one defendant, Joseph F. Kamins. The affidavit of search states the following attempts were made to locate Joseph F. Kamins: (1) a letter mailed to Joseph F. Kamins at the Redondo Beach address listed on the county tax assessor's roll for the Inglewood property; (2) a letter mailed to Joseph F. Kamins at 101 North Cedar Avenue, i.e., the Inglewood property; (3) three visits by a field representative to locate him at the Inglewood property; (4) a search of the assessor's real property roll for property owned by Joseph F. Kamins; (5) a search of local telephone directories for Joseph F. Kamins; and (6) a call to a telephone operator for a telephone number for Joseph F. Kamins. Given that respondent believed Joseph F. Kamins was deceased, such a limited search could not reasonably have been certain to inform the present owners of the Inglewood property or other interested persons of the pendency of the quiet title action.

Although the amended complaint alleged that Joseph F. Kamins was believed to be deceased, the affidavit of search did not indicate that any search was conducted that would disclose whether Joseph F. Kamins was dead or alive. The affidavit of search reflects no attempt to locate Irene

Kamins, the wife of Joseph F. Kamins and coholder of record title to the property. The affidavit of search did state that several visits were made to the property, but it also indicated the search was limited to locating only Joseph F. Kamins. The face of the record is utterly devoid of a showing any reasonable effort was made to locate and give notice of the action to any interested defendant, including the personal representative or the testate or intestate heirs of Joseph F. Kamins. On this basis, the trial court ordered publication of the amended summons to be made upon "defendant . . . JOSEPH F. KAMINS, by publication" and directed that notice also be mailed to him if an address was ascertained during the publication period. However, respondent purported to give notice of the action by publication not only to Joseph F. Kamins but to *all* interested parties, including "*the testate and intestate successors of Joseph F. Kamins, believed to be deceased*[,] *and all persons claiming by, through, or under such decedent* . . . ." (Italics added; see § 763.020, subd. (c).)[5]

### B. *Appellant Was in Open and Actual Possession of the Inglewood Property*

In moving to vacate the judgment, appellant declared she was in "open and actual possession" of the Inglewood property at all relevant times. She received her mail at 105 North Cedar Avenue, parked her car in the property's garage and driveway, hung her curtains in the window, paid the water, gas, phone and electric utilities and had come and gone on a daily basis without interference. She declared: "I am well known in the neighborhood, both personally and as the daughter of the decedent, Joseph Kamins, and I have lived openly and in plain view of the world with the sincere belief that I was the owner of the entire property." Section 763.010, subdivision (c) provides: "Nothing in this section authorizes service by publication upon any person named as an unknown defendant who is in open and actual possession of the property."

Respondent's own statements in opposition to the motion to vacate indicated he had some knowledge of appellant's presence on the property. Specifically, respondent stated he made several visits to the Inglewood property in 2000 and 2001 "to locate and identify anyone at the property claiming an interest in the property so that [he] could purchase their interest" and that he "knocked on the door of the apartment over the garage" on several occasions but no one ever answered. Respondent, however, never

---

[5] Respondent originally had posted copies of the summons and complaint on the Inglewood property and also recorded a notice of pending action with the county recorder. (See § 763.020, subds. (a), (b).) Respondent did not again post a copy of the amended summons at the Inglewood property. Appellant denied receiving any actual notice by either posting or publication.

attempted to enter the apartment or make a meaningful investigation of who might be occupying the premises. Respondent did not attempt to give notice of the quiet·title action to that person or bring this matter to the·court's attention.

■ When respondent realized someone was residing in the "apartment over the garage," that person was vested with the right to be named as a "defendant" and served with the summons' and amended complaint. (§ 762.060, subd. (b) ["the plaintiff shall name as defendants the persons having adverse claims that are of record or known to the plaintiff or *reasonably apparent from an inspection of the property*" (italics added)].) Respondent at the least had a duty to make further inquiry before seeking to accomplish service by publication. "When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack." (*Donel, Inc. v. Badalian* (1978) 87 Cal.App.3d 327, 334 [150 Cal.Rptr. 855] [plaintiff's single act of searching telephone directories and failure to contact attorney who had acted for defendant in the past as to his whereabouts constituted a failure to exercise reasonable diligence as a matter of law].)

## C.  *Under the Circumstances,·Service by Publication Was Ineffective*

In this case, the court set the matter for an evidentiary hearing despite the fact that notice by publication had been authorized for defendant Joseph F. Kamins only and respondent had exercised no reasonable diligence, or made any attempt whatsoever, to ascertain and locate the personal representative of Joseph F. Kamins or his heirs or successors.

The court entered judgment upon a declaration by respondent that notice by publication was given to all defendants, not just Joseph F. Kamins, reciting simply that the addresses of all of the defendants were "not ascertained" during the period of publication.

■ "In a contested proceeding, no court may render judgment without conforming to the constitutional guarantees which afford due process of law. [Citation.] Due process requires that all parties be notified' of the facts and issues in dispute, that each party be·afforded a fair opportunity to present evidence in open court, and that judgment be rendered based on an evaluation of the evidence on each side, findings of fact and conclusions of law. [¶] In an uncontested proceeding, a court may not enter a final judgment depriving a party of property unless there has been some form of notice to the party and a hearing." (*County of Ventura v. Tillett, supra*, 133 Cal.App.3d at p. 112.) Process that is mere gesture is not due process. To satisfy due process, notice must be such as is reasonably calculated to reach interested parties. (*Mullane v.*

*Central Hanover Tr. Co.* (1950) 339 U.S. 306, 315, 318 [94 L.Ed. 865, 70 S.Ct. 652].) ■ There was no notice reasonably calculated to inform interested parties, particularly appellant, of the action under the circumstances reflected by this record. Given that the service was ineffective, the resulting judgment is invalid and vulnerable to collateral attack. (*Donel, Inc. v. Badalian, supra*, 87 Cal.App.3d at p. 334.) The, trial court abused its discretion in denying appellant's motion to vacate the judgment.

## DISPOSITION

The order denying the motion to vacate the judgment is reversed. The matter is remanded to the trial court with directions to (1) enter an order granting that motion; and (2) allow appellant to file a response to the amended complaint. The appeal from the denial of the motion for reconsideration is dismissed as moot. Appellant is to recover her costs on appeal.

Rubin, Acting P. J., and Boland, J., concurred.