Filed 6/17/13  Smith v. Carrington Mortgage Services CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BESSIE MAE SMITH,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, et al.,<br><br>Defendants and Respondents. | F065376<br><br>(Super. Ct. No. 621515)<br><br>**OPINION** |

-ooOoo-

APPEAL from judgments of the Superior Court of Stanislaus County.  Roger M. Beauchesne, Judge.

Bessie Mae Smith, in propria persona, for Plaintiff and Appellant.

Wolfe & Wyman, Kelly Andrew Beall, Alice M. Dostalova-Busick, and Meagan S. Tom for Defendant and Respondent Carrington Mortgage Services.

Buchalter Nemer, Robert M. Dato and Mia S. Blackler for Defendant and Respondent Fremont Reorganizing Corporation, fka Fremont Investment & Loan as succeeded in interest by Signature Group Holdings, Inc.

-ooOoo-

Plaintiff Bessie Mae Smith (Smith) purports to appeal, in propria persona, from an order denying her motion to set aside an order granting terminating sanctions to

defendants Carrington Mortgage Services, LLC (Carrington) and Fremont Reorganizing Corporation, fka Fremont Investment and Loan as succeeded in interest by Signature Group Holdings, Inc. (Fremont) (collectively respondents) and the resulting judgments. Because such an order is not appealable except under limited circumstances which are not present here, we dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Smith filed this lawsuit in December 2007, naming Fremont and two others as defendants, whereby she sought to set aside a trustee's deed upon sale of her residence and to quiet title to the property on the ground that the trustee's sale was procedurally defective and she was not given adequate notice of the sale. Smith later filed a third amended complaint, in which she added Carrington as a defendant, included causes of action for unfair business practices, breach of contract and declaratory relief, and alleged the property could not be foreclosed because she entered into an agreement with Fremont to extend the time for payment of the mortgage loan.

Both Fremont and Carrington filed motions to compel Smith to provide responses to form interrogatories and requests for production of documents, as well as for orders deeming requests for admissions granted. The trial court granted both motions and required Smith to substantively respond to the discovery without objection. While Smith served both Fremont and Carrington with responses, the responses were not substantive and consisted primarily of boilerplate objections.

Carrington filed a motion for a terminating sanction based on Smith's failure to comply with the trial court's discovery order. Fremont filed a joinder to the motion and requested the same sanction. On May 16, 2011, the trial court issued a minute order granting the motions, finding that Smith had "misused the discovery process by failing to respond to discovery as to both defendants" and that "the failure has been willful." While the trial court recognized termination was a drastic sanction, it found the circumstances

2.

justified dismissing the action. On June 2, 2011, Fremont and Carrington filed formal written orders and judgments in their favor.

In April 2011, while the motions for terminating sanctions were pending, Smith filed a motion for relief from "waiver to produce writings and/or to make objections." On June 7, 2011, a written order was filed in which the trial court denied the motion, as Smith failed to prove she was entitled to relief under Code of Civil Procedure section 2030.290.[1] The trial court further found "neither substantial compliance nor evidence of mistake, inadvertence or excusable neglect in [Smith]'s earlier failure to timely and properly respond to the propounded discovery."

On June 1, 2011, Smith filed a motion for reconsideration of the May 16, 2011 minute order granting the motions for terminating sanctions. On July 6, 2011, the trial court denied the motion, finding: (1) Smith failed to establish the necessary statutory requirements to allow the court to reconsider the prior order; (2) Smith did not timely serve a portion of the moving papers on the defendants; (3) while the notice of motion was timely served before notice of entry of the May 16 order, notice of entry of judgment had already been served; and (4) Smith failed to set forth new or different facts, circumstances or law that would justify reconsideration.

On August 22, 2011, Smith filed a "motion for subsequent application for renewal of previous orders," by which she sought (1) to renew her motion for reconsideration of the May 16, 2011 minute order, and (2) relief from the terminating sanctions. On September 2, 2011, Smith filed a request for judicial notice, in which she asked the court to consider "amended" discovery responses she sent to respondents in late August 2011. The trial court denied the motion on September 15, 2011, finding it was not timely served and Smith failed to "establish valid grounds as to why the alleged new or different facts

---

[1] Subsequent statutory references are to the Code of Civil Procedure.

3.

could not have been presented earlier." The trial court stated it would not "entertain any further reconsideration requests."

On September 15, 2011, Smith filed a "motion to vacate satisfaction of judgment." The trial court denied this motion on January 31, 2012 with prejudice. The court found (1) Smith failed to establish the necessary statutory requirements for relief under section 473, subdivision (b), (2) her motion was time barred, as it was brought more than six months after the order and judgments were entered, (3) she failed to meet her burden of demonstrating entitlement to "such relief," and (4) the motion was not timely served on respondents.

Finally, on April 13, 2012, Smith filed a notice of motion entitled "Motion to Set Aside Void Judgment or Order" pursuant to section 473, subdivision (d). Smith asserted she was moving for an order "setting aside the default (and default judgment)" entered against her on May 16, 2011, on the ground the "default judgment" and "Discovery Sanction Orders" are "void on its face." In a memorandum of points and authorities filed on April 27, 2012, Smith contended the terminating sanction orders and judgments were void "because a termination sanction is a default judgment and [] Smith has provided answers to the discovery interrogatories questions. The default judgment . . . is void on its face as a matter of law." The rest of the memorandum was an abstract discussion of case law and provided no further facts or argument demonstrating why the judgments were void. While the motion stated it was supported by Smith's declaration, no declaration was filed. Respondents each filed written oppositions to the motion and requested sanctions.

On June 1, 2012, the trial court denied the motion with prejudice. The court found that Smith failed to establish the statutory requirements for relief under section 473, subdivision (d), and failed to meet her burden of demonstrating that either the May 16, 2011 minute order or the resulting judgments were "void on its face." The court denied respondents' requests for sanctions. Smith filed two notices of appeal on July 9, 2012,

4.

one designating Fremont as the respondent and the other designating Carrington as the respondent.  In both notices, Smith states she is appealing from the "Judgment after court trial" and "Default judgment" entered on June 1, 2012.  As these are the only notices of appeal in the record, Smith did not appeal from any prior orders or judgments.

In her opening brief, Smith argues only the merits of the lawsuit.  Carrington, in reply, points out that Smith's opening brief fails to address the May 16, 2011 order granting its motion for a terminating sanction and resulting judgment, and asserts the trial court did not abuse its discretion in entering the order and judgment.  In her reply to Carrington's brief, Smith addresses the motions for terminating sanctions and argues the trial court abused its discretion in granting them.  In Fremont's brief, filed after Smith's reply to Carrington's brief, Fremont contends Smith's appeal should be dismissed because it is based on a nonappealable order and Smith fails to raise any issues as to the propriety of the June 1, 2012 order, and otherwise joins in Carrington's brief.  Smith did not file a reply to Fremont's brief.

## DISCUSSION

Fremont contends the appeal should be dismissed because this court lacks jurisdiction to consider an appeal from the trial court's order denying Smith's motion to set aside the May 16, 2011 orders and resulting judgments.  We agree.

While Smith's notices of appeal state that she is appealing a judgment, the only date of the "judgment" she included on the notices was June 1, 2012, which is the date the order denying her motion to set aside was entered.  Since no judgment was entered that day and the time for filing a notice of appeal from the June 2, 2011 judgments has long since passed (see California Rule of Court, rule 8.104(a)), we construe the appeal as being taken from the June 1, 2012 order made after judgment was entered.

Although certain post-judgment orders are appealable (see § 904.2, subd. (a)(2)), "not every postjudgment order that follows a final appealable judgment is appealable." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.)  A post-judgment

5.

order is appealable if it satisfies two additional requirements, one of which is "that the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment. [Citation.] 'The reason for this general rule is that to allow the appeal from [an order raising the same issues as those raised by the judgment] would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment.'" (*Ibid.*)

Witkin observes that most orders denying motions to vacate judgments are *not* appealable: "The denial of a motion to vacate a prior judgment is an order after final judgment that affects the judgment and therefore can be appealable under certain special circumstances. [Citation.] However, these circumstances are rare, most of the orders are not appealable for compelling reasons: [¶] . . . If the prior judgment or order was appealable, and the grounds on which vacation is sought existed before entry of judgment, the correctness of the judgment should be reviewed on appeal from the judgment itself. To permit an appeal from the order refusing to vacate would give the aggrieved party two appeals from the same decision or, if the party failed to take a timely appeal from the judgment, an unwarranted extension of time starting from the subsequent order." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal § 197, pp. 273–274; accord *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1576.)

Witkin describes four exceptions to the general rule that an order denying a motion to vacate is nonappealable. (9 Witkin, Cal. Procedure, *supra,* Appeal §§ 198–201, pp. 274–278.) Such an order may be appealable if (1) there is no effective appeal from the judgment, (2) the appellant was not an original party to the action, (3) the motion to vacate is authorized by statute, or (4) the motion seeks to vacate a void judgment. (*Ibid.*) As we explain, none of these exceptions applies here.

The first two exceptions do not apply, as Smith had an avenue to appeal the judgment, but failed to do so, and was obviously a party to the action below. With regard to the third and fourth exceptions, we observe that Smith cited section 473, subdivision

6.

(d) as the basis for her motion, which allows a party to move at any time to "set aside any void judgment or order." In her motion below, Smith attempted to characterize the May 16, 2011 order and resulting judgments as void.

A judgment is not void simply because a trial court commits legal error. Rather, "[a] judgment is void if the court rendering it lacked subject matter jurisdiction or jurisdiction over the parties. Subject matter jurisdiction 'relates to the inherent authority of the court involved to deal with the case or matter before it.' [Citation.] Lack of jurisdiction in this 'fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.'" (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691 (*Carlson*).) "In a broader sense, lack of jurisdiction also exists when a court grants 'relief which [it] has no power to grant.'" (*Ibid.*)

Thus, in *Carr v. Kamins* (2007) 151 Cal.App.4th 929, 933, an order denying a motion to vacate a judgment was held to be appealable where the appellant claimed the judgment was void because she was not personally served and the respondent committed extrinsic fraud by obtaining an order reflecting service by publication. Moreover, in *Carlson, supra,* 54 Cal.App.4th at p. 696, an order denying a motion to vacate a judgment was held to be appealable where the trial court lacked authority to enter a judgment based upon a purported stipulation to which both parties had not agreed, as the trial court's action was "not merely a mistaken application of the law or a grant of excess relief, but a complete absence of power to accord relief, a judgment 'completely outside the scope of the court's jurisdiction to grant. . . .'" (*Ibid.*)

In her motion to set aside the May 16, 2011 order and resulting judgments, Smith argued the order and judgments were void because she provided answers to the interrogatories. In her opening brief on appeal, she makes no argument as to why the order or judgments are void. Instead, she argues the merits of the lawsuit and asks us to reverse the judgment, enter a judgment declaring her the owner of the property, and

7.

reinstate her property rights, while in her reply brief, she asserts the trial court abused its discretion in granting the motions for terminating sanctions. None of Smith's arguments on appeal turn on whether the trial court lacked fundamental jurisdiction to act or that it acted wholly outside the scope of its jurisdiction. Instead, Smith's appeal tenders only issues that, at best, could have been raised on appeal from the judgments.

It is immaterial that Smith couched her motion in terms of an attempt to vacate a void order or judgment under section 473, subdivision (d), as the name Smith gave her motion is not determinative. (See *Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 202–203 [order denying motion to vacate not appealable simply because appellant incorrectly labeled it a statutory motion to vacate].) The motion did not rest on grounds that would render the May 16, 2011 order and resulting judgments void, but instead raised a claim that could have been raised in a timely-filed appeal. Under the circumstances, the order denying Smith's motion to vacate falls squarely within the general rule that such orders are nonappealable.

Smith has failed to present any argument that the order is appealable. Since she does not raise in this appeal any issue regarding the trial court's denial of her motion to set aside the order granting terminating sanctions, we have no choice but to dismiss her appeal. In so doing, we pass no judgment on the merits of Smith's claims. We acknowledge that Smith is representing herself on appeal. While under the law one may act as her own attorney, when a litigant does so, she is held to the same restrictive rules of procedure and evidence as an attorney. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639; *Monastero v. Los Angeles Transit Co.* (1955) 131 Cal.App.2d 156, 160-161.)

8.

## **DISPOSITION**

The appeal is dismissed.

                                        _____

                                        Gomes, Acting P.J.

WE CONCUR:


_____

Poochigian, J.


_____

Detjen, J.