THOMPSON, J.,
Dissenting.—I respectfully dissent. “Citizens may not be dispossessed of their property by a ‘creditor’ executing on a judgment that is void ah initio for lack of personal jurisdiction. Deploying a void judgment to seize the property of someone who was never served with the lawsuit violates the constitutional guarantee that no person shall be deprived of property without due process of law.” (Lang v. Roché (2011) 201 Cal.App.4th 254, 257 [133 Cal.Rptr.3d 675] (Lang).) Therefore, the challenged order must be affirmed.
The trial court found the default judgment was void ah initio for lack of fundamental personal jurisdiction over Lee, because the HOA obtained it by extrinsic fraud in the HOA’s application for an order for service by publication. (See Carr v. Kamins (2007) 151 Cal.App.4th 929, 933 [60 Cal.Rptr.3d 196] (Carr).) “Accordingly, [Lee’s] failure to file an answer to the improperly served complaint did not represent a default. It was error to enter default and beyond the power of the court to do so. The trial court had a legal duty, not merely discretionary power, to vacate the default it had erroneously entered.” (Transamerica Title Ins. Co. v. Hendrix (1995) 34 Cal.App.4th 740, 746 [40 Cal.Rptr.2d 614].)
What’s more, “All actions taken pursuant to the void judgment—including the writ of execution and the execution sale—had no legal force or effect.” (Lang, supra, 201 Cal.App.4th at p. 265, citing Carr, supra, 151 Cal.App.4th at p. 933. [“An order after judgment that gives effect to a judgment that is void on its face is itself void . . . .”].) Stated differently, there was no judgment for the HOA to execute upon, and the sheriff’s deed purporting to transfer title to Rich based upon a nonexistent judgment was a legal nullity. It follows, the trial court also had a legal duty to vacate the default judgment it had erroneously entered, and to cancel the sheriff’s deed. (Ibid.; Civ. Code, § 3412.)
*283 Under these circumstances the Enforcement of Judgments Law (EJL) (Code Civ. Proc. § 680.010 et seq.) does not apply. “The EJL refers to a ‘judgment creditor’ and a ‘judgment debtor’—meaning a plaintiff who legitimately won a judgment and a defendant who knowingly lost a case. The statutory scheme presumes that the judgment debtor whose property is sold at an execution sale was properly served with the summons and complaint; participated in the litigation or knowingly defaulted by failing to answer or appear; and was aware of the adverse judgment. A person who was never served with the summons and complaint, and is ignorant of the proceedings, resulting in a judgment that is void ah initio for lack of personal jurisdiction, is not a ‘judgment debtor,’ because there is no enforceable judgment. Likewise, a plaintiff who executes on a judgment obtained by nefarious means, in violation of federal and state due process guarantees, cannot properly be termed a ‘judgment creditor.’ ” (Lang, supra, 201 Cal.App.4th at p. 264.)
Even if the EJL did apply, it could not trump the constitutional guarantees that no state may “deprive any person of life, liberty, or property, without due process of law.” (U.S. Const., 14th Amend.; Cal. Const., art. 1, § 7, subd. (a).) “The California Constitution is ‘the supreme law of our state’ [citation], subject only to the supremacy of the United States Constitution. (Cal. Const., art. III, § 1.)” (California Logistics, Inc. v. State of California (2008) 161 Cal.App.4th 242, 250 [73 Cal.Rptr.3d 825].) It is axiomatic the EJL, including Code of Civil Procedure section 701.680, can only be applied in a manner which is consistent with the California and United States Constitutions.
The majority’s notion the default judgment was void as to the HOA but not void as to Rich is legally and factually unsupported and unsupportable. The default judgment was void as to all parties—including Rich—because the trial court had no jurisdiction to issue it in the first instance. It makes no difference that Rich was not served with Lee’s motion to set aside and vacate the default and default judgment. Rich never acquired title to the property because the sheriff’s deed was a legal nullity. Thus Rich had no interest in the property to protect. And in any event the trial court was required to vacate the default and default judgment it had erroneously entered.
Respondent’s petition for review by the Supreme Court was denied February 15, 2017, S239366.