Filed 1/13/26  Self & Bhamre v. Moza CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SELF & BHAMRE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH MOZA,<br><br>    Defendant and Appellant. | G063757<br><br>(Super. Ct. No. 30-2021-01179085)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, John C. Gastelum, Judge. Reversed and remanded.

Cliff Dean Schneider for Appellant.

Self & Bhamre and Hema C. Bhamre for Respondent.

Joseph Moza appeals from an order denying his motion to vacate a default judgment. He contends the summons and complaint were not properly served by publication because they were not mailed to his known address. Though the issue is raised for the first time on appeal, it is jurisdictional and we therefore reach it. As we agree with Moza, we reverse.

FACTS

Bhamre is a principal attorney of Self & Bhamre, a firm that represented Moza in an employment matter. The firm sued Moza in January 2021 for unpaid fees.

Before the firm served the summons and complaint, Bhamre learned in July 2021 that Moza lived and worked at an address on Ebb Tide Circle in Newport Beach. The firm attempted to personally serve Moza at the address more than 10 times—once, the door was answered by an occupant who said it was "hard to know" when Moza would be home.

Nonetheless, the firm obtained an April 2022 order authorizing service by publication. (Code Civ. Proc., § 415.50.)[1] In the firm's application, Bhamre acknowledged the firm's knowledge of Moza's Newport Beach address and its efforts to personally serve him there. But Bhamre did not state whether the firm had attempted substitute service or service by mail with notice and acknowledgement.

The trial court entered default judgment against Moza in February 2023. The firm mailed a copy of the judgment to Moza at the Newport Beach address.

The trial court denied Moza's motion to set aside the default judgment on September 29, 2023, rejecting his claims of excusable neglect

---

[1] All statutory references are to this code.

2

and surprise. (§ 473, subd. (b).) Moza had not asserted the default judgment was void for lack of service. The court noted that Bhamre acknowledged learning about the Newport Beach address in July 2021.

The firm served Moza with a "notice of ruling on defendant's motion to vacate" (capitalization omitted) in October 2023. Moza appealed four months later.

## DISCUSSION

We agree with Moza that the default judgment must be set aside because the firm did not properly effectuate service by publication. Moza correctly notes that when a court authorizes service by publication, the plaintiff must mail the summons and complaint to the defendant if the plaintiff "ascertain[s]" the defendant's address "before expiration of the time prescribed for publication." (§ 415.50, subd. (b).) As "service by publication is 'a last resort,'" "section 415.50 is strictly construed." (*Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 963.) There is no dispute the firm knew Moza's Newport Beach address throughout the publication period but never mailed the summons and complaint to Moza.

We reach this claim even though Moza never gave the trial court a chance to reach the issue. Without proper service of the summons and complaint, the court lacks personal jurisdiction over the defendant.[2] "'[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction. . . . [U]nder section 473, subdivision (d), the

---

[2] We disagree with the firm's characterization of Moza's contention. He does not claim proper service failed to give actual notice. (See § 473.5.) Rather, he claims invalid service rendered the judgment void. (§ 473, subd. (d).)

court may 'set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service.'" (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 371.)[3] Moza's claim also raises a pure legal question based on undisputed facts. (*Farrar v. Direct Commerce, Inc.* (2017) 9 Cal.App.5th 1257, 1275, fn. 3.) And in the default context, we resolve doubts in favor of a trial on the merits. (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839.)

Indeed, service by publication was never available to the firm in the first place, though Moza does not put it in so many words. "If a defendant's address is ascertainable, a method of service superior to publication must be employed." (*Watts v. Crawford* (1995) 10 Cal.4th 743, 749, fn. 5.) Bhamre ascertained Moza's Newport Beach address in July 2021—nine months before the firm obtained the service by publication order in April 2022—but the firm tried neither substitute service nor service by mail with notice and acknowledgment. (See *Transamerica Title Ins. Co. v. Hendrix* (1995) 34 Cal.App.4th 740, 746 ["application . . . for publication of summons . . . was defective" because plaintiff "fail[ed] to attempt service by mail"].)

Finally, we reject the firm's contention that Moza's appeal was untimely. The order denying his motion to vacate was issued on September

---

[3] "[I]f 'the judgment is void on its face, then the six month limit set by section 473 to make other motions to vacate a judgment does not apply.'" (*Kremerman,* at pp. 369–370.) "'"A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll."'" (*Id.* at p. 370.) In case of service by publication, the judgment roll includes "the affidavit for publication of summons." (§ 670, subd. (a).) Here, the application for service by publication acknowledges the Newport Beach address but discloses no effort at substitute service or service by mail with notice and acknowledgment.

29, 2023; he appealed less than 180 days later, on February 7, 2024. (Cal. Rules of Court, rule 8.104(a)(1)(C) [outer 180-day deadline].) The October 2023 notice of ruling did not trigger any earlier deadline. "[S]erving a notice of ruling is not the same as serving a copy of the order or a notice of entry of the order, as contemplated by the rules governing the timeliness of appeals." (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399.)

DISPOSITION

The order is reversed. The trial court is directed to enter a new order vacating the default and default judgment entered against Moza. Moza shall recover his costs on appeal.


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SANCHEZ, J.

5