[Civ. No. 4495. Fifth Dist. Feb. 26, 1979.]

TOMMY EVARTT, Petitioner, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY, Respondent;
JOANNE KELLETT, Real Party in Interest.

COUNSEL

Rushing, Lyions & Anderson and C. Ernest Rushing for Petitioner.

No appearance for Respondent.

Alexander M. Wolfe for Real Party in Interest.

OPINION

BROWN (G. A.), P. J.—After the trial court denied petitioner's motion to quash service of summons (Code Civ. Proc., § 418.10)[1] and to dismiss the action under section 581a, he timely applied for a writ of mandate in this court (§ 418.10, subd. (c)). The case raises the issue of the proper interpretation of abode service under the provisions of section 415.20, subdivision (b),[2] particularly the requirement stated therein that as a prerequisite to substitute service reasonable diligence must be exercised to effect personal service.

[1]All code references are to the Code of Civil Procedure unless otherwise indicated.

[2]Subdivision (b) of section 415.20 provides: "(b) If a copy of the summons and of the complaint cannot with reasonable diligence be personally delivered to the person to be served as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and of the complaint at such person's dwelling house, usual place of abode, or usual place of business in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing."

■ Concluding that reasonable diligence to effect personal service was not exercised in this case, the court will direct that a writ of mandate issue requiring the trial court to vacate its order denying petitioner's motion to quash service and to enter a new order quashing service. Because three years have expired since the action was commenced, we also direct the trial court to dismiss the action pursuant to section 581a.

On August 25, 1975, real party in interest, Joanne Kellett, filed a complaint for personal injuries against petitioner, Tommy Evartt, as a result of an assault and battery alleged to have occurred on August 25, 1974, at 1733 Grimes Avenue, Modesto. Petitioner resided at 1809 Grimes Avenue. From all that appears there was no effort to serve the summons and complaint until August 23, 1978, three days before the expiration of the three-year period under section 581a.

The proof of service which was filed at 11:18 p.m. on August 25, 1978, and the "Marshal's Certificate for Substituted Service of Summons on Individual Pursuant to CCP 415.20(A)(B)[.] Declaration Re Diligence to Effect Personal Service" show the following efforts had been made to effectuate service on petitioner:

(1) On August 23, 1978, at 3 p.m., a process server went to petitioner's residence at 1809 Grimes Avenue, Modesto. Petitioner was not served because "Defendant on vacation per Mary Cheatham—housesitter."

(2) On August 24, 1978, at 9:35 a.m., the process server again went to 1809 Grimes Avenue. Petitioner was not served because he was "Not present. Mary Cheatham stated son lives in trailer on side of property."

(3) On August 24, 1978, at 7:15 p.m., the process server again went to 1809 Grimes Avenue. Service was not effectuated because "No one home."

(4) On August 25, 1978, at 10:45 a.m., the process server attempted to effectuate substituted service on petitioner by personally serving petitioner's son at the son's residence at 1733½ Grimes Avenue and mailing a copy to petitioner at that address.

(5) On August 25, 1978, at 7:56 p.m. real party's attorney went to 1809 Grimes Avenue and left a copy of the summons and complaint with "Mary Cheatham, competent member of household" and mailed a copy to petitioner at that address.

The above enumeration reflects the totality of efforts made to personally serve petitioner.

Petitioner's declaration in support of his motion to quash establishes that he had lived continuously at 1809 Grimes Avenue, Modesto, for 14 years, during which period his address and telephone number in the telephone directory had remained unchanged. At no time since the incidents alleged in the complaint had the real party in interest made any demand for damages or communicated with him concerning the complaint, nor to his knowledge was any attempt ever made to serve him with the complaint. With brief exceptions petitioner stated that he had been available for service at his residence during the entire period of time that he had lived there. On August 20, 1978, he went to Texas and Oklahoma for family reunions. He returned September 7 and discovered the complaint which had been mailed by real party's attorney.

■ The Jurisdiction and Service of Process Act (the Act) was adopted by California effective July 1, 1970 (§§ 410.10-418.10). Before substituted service by abode service on an individual is authorized in California under the Act, section 415.20, subdivision (b), requires reasonable diligence be exercised to effect personal service (see fn. 2, *ante*). Thus it makes abode service a secondary method of service on natural persons. This requirement is not contained in the Act as adopted by practically all the other states nor in the federal rules of civil procedure after which the act is modeled. The fact that the requirement was placed in the statute by the California Legislature shows a conscious, deliberate election by that body that personal service be effected whenever it can be accomplished through the exercise of reasonable diligence. Thus the Legislature showed a knowing preference for personal service as the means which would more certainly assure actual notice to the defendant.

Language requiring "reasonable diligence" to effect service by an alternate means as a prerequisite to service by publication (§ 415.50) was also placed in the Act by the Legislature.

The language "cannot with reasonable diligence be personally [served]" as a prerequisite to a substitute service has a lengthy history of judicial construction before the enactment of the Act in 1970. It was uniformly held that these statutory requirements must be strictly complied with in order for jurisdiction over the person to be established by substitute means. (*Stern* v. *Judson* (1912) 163 Cal. 726 [127 P. 38]; *Kahn* v. *Matthai* (1897) 115 Cal. 689 [47 P. 698]; *Braly* v. *Seaman* (1866) 30 Cal.

610 (disapproved on other grounds in *Hahn v. Kelly* (1868) 34 Cal. 391, 404); *Stamps v. Superior Court* (1971) 14 Cal.App.3d 108, 110 [92 Cal.Rptr. 151]; *Sanford v. Smith* (1970) 11 Cal.App.3d 991, 998-999 [90 Cal.Rptr. 256]; *Arnold v. Newhall County Water Dist.* (1970) 11 Cal.App.3d 794, 800 [96 Cal.Rptr. 894].) Since the enactment of the Act, the language at issue has been construed in accordance with the earlier interpretation. (See the recent case of *Donel, Inc. v. Badalian* (1978) 87 Cal.App.3d 327, 332-334, fn. 3 and text [150 Cal.Rptr. 855].) In sum, these cases stand for the proposition that if during substantial periods of time the defendant was available for personal service the facts surrounding the attempts to serve the defendant must negative that any reasonable way existed to effectuate such service.

When the Legislature adopted the language of reasonable diligence in the face of the preexisting construction without indicating in any way that it intended a different construction it is presumed that it intended that the preexisting construction prevail. ■ Thus the principle has been enunciated that where legislation is found in the language of an earlier enactment on the same or analogous subject which has been judicially construed there is a very strong presumption of intent to adopt the construction as well as the language of the prior enactments. (*Garrison v. Rourke* (1948) 32 Cal.2d 430 [196 P.2d 884] (overruled on other grounds in *Keane v. Smith* (1971) 4 Cal.3d 932, 939 [95 Cal.Rptr. 197, 485 P.2d 261]); *Holmes v. McColgan* (1941) 17 Cal.2d 426 [110 P.2d 428].) It has also been said that when legislation has been applied to judicial decisions and then a subsequent statute on an analogous subject employs identical language it is to be presumed that the Legislature intended that the language be given a like interpretation in applying the new enactment. (*Nishikawa Farms, Inc. v. Mahony* (1977) 66 Cal.App.3d 781 [136 Cal.Rptr. 233].) In the case at bench there is no expression in the Act which commands or requires a departure from these settled principles.

Real party cites and relies upon the rule of liberal construction of the Act enunciated in *Pasadena Medi-Center Associates v. Superior Court* (1973) 9 Cal.3d 773, 778 [108 Cal.Rptr. 828, 511 P.2d 1180]. In that case the defendant corporation in its application for a permit to issue stock stated that Albert Binney, Sr., was its secretary-treasurer. Plaintiff, relying on the corporation's application, served defendant corporation by personally serving the summons and complaint on Albert Binney, Sr. It later appeared that Binney, Sr., was not in fact the secretary-treasurer. Binney, Sr., delivered the summons and complaint to Binney, Jr., who was in fact the secretary-treasurer. The court held the defendant corporation's

designation in its application for a stock permit of Binney, Sr., as secretary-treasurer clothed him with ostensible authority to accept service of process and held the service valid. A close scrutiny of the case demonstrates that the liberal rule was only applied to the issue of whether the "secretary-treasurer" of a corporation comes within the statutory category of persons who may accept process on behalf of a corporation. The category in the statute expressly included "a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, . . . or a person authorized by the corporation to receive service of process." (See § 416.10, subds. (a), (b).)[3]

As to the applicability of the doctrine of ostensible authority to receive service of summons, the court merely approved established principles which had already been applied to bind a corporation by service of process upon an ostensible agent. (See *Oro Navigation Co.* v. *Superior Court* (1947) 82 Cal.App.2d 884 [187 P.2d 444].)

Moreover, the statutory provision construed in *Pasadena Medi-Center Associates* is not of the same jurisdictional importance as the element of reasonable diligence. As has been pointed out, the Legislature made a conscious, deliberate determination that personal service is a preferred method of assuring notice to an individual using language which had a well established judicial construction. We believe under these circumstances that the demonstrated will of the Legislature must be obeyed by requiring strict compliance with the provision requiring reasonable diligence to accomplish personal service before a secondary means of service is permitted. To hold otherwise would be to emasculate the provision by saying in substance that the Legislature did not mean what it said.

Turning to the facts, the burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts. "No single formula nor mode of search can be said to constitute due diligence in every case." (*Donel, Inc.* v. *Badalian, supra,* 87 Cal.App.3d 327, 333.) Here real party clearly failed to carry her burden, having not presented one scintilla of information or explanation for her failure to attempt personal service for 2 years and 363 days, during all of which time except for very short periods defendant was available

---

[3]In this regard the court stated, at page 778: "Bearing in mind the caveat of the draftsmen of section 416.10 of the Code of Civil Procedure that it be liberally construed, we find that the section designates a secretary or treasurer, or a combined secretary-treasurer as a proper person to receive service of process." (Fn. omitted.)

for service at his residence close by.[4] Given the nearness of their residences and the locale of the alleged assault, it is clearly inferable that real party knew where petitioner lived and of his availability during the entire period and for motives which do not appear she did not effect earlier service on him personally. Manifestly the facts stated in the returns of service as a matter of law do not negative the possibility (indeed the clear probability) that personal service on petitioner could have been effected had reasonable diligence been used.

The fact that the perfunctory efforts to serve petitioner during the last three days of the three-year period were unsuccessful because petitioner was out of the state and that the limitations period expired prior to being able to personally serve him was entirely due to real party's inaction. Real party's 11th-hour token efforts cannot be considered independent of her unexplained neglect during the 2 years and 363 days as it would be incongruous to hold that neglectful conduct can constitute an excuse for not exercising reasonable diligence.

We conclude that the substitute abode service on petitioner was ineffective and void because real party failed to comply with the mandatory prerequisite to such service by exercising reasonable diligence to effect personal service.

As to real party's contention that petitioner's absence from California from August 20, 1978, until September 7, 1978, tolled the three-year period contained in section 581a, it is now established that since the amendment to section 581a (see subd. (d))[5] in 1970 the three-year period is not tolled during periods of absence from the state if during those periods a defendant is amenable to service under the liberal provisions of the 1970 act. The burden is upon the plaintiff to establish that the defendant is not amenable to process. (*Ostrus* v. *Price* (1978) 82 Cal.App.3d 518, 522-524 [146 Cal.Rptr. 922]; see *People* ex rel. *Cranston* v. *Bonelli* (1971) 15 Cal.App.3d 129, 135-136 [92 Cal.Rptr. 828].) Here real party has utterly failed to satisfy that burden.

In view of our conclusion herein, we need not discuss or resolve petitioner's further contention that because service upon him is not

[4]Interestingly, the alleged assault took place at 1733 Grimes. Petitioner's son resided at 1733½ Grimes, Petitioner resided at 1809 Grimes.

[5]Subdivision (d) of section 581a, as amended in 1970, provides: "(d) The time during which the defendant was not amenable to the process of the court shall not be included in computing the time period specified in this section."

deemed complete until 10 days after mailing of the summons and complaint (see § 415.20, subd. (b), fn. 2, *ante*) the 3-year limitation in section 581a expired before that time and he is in any event entitled to a dismissal. (Compare *Ginns* v. *Shumate* (1977) 65 Cal.App.3d 802 [135 Cal.Rptr. 604]—holding that service is complete for the purposes of section 581a at the time of mailing and filing the return of service—with *Schering Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 737, 743 [125 Cal.Rptr. 337]—dicta that under section 581a service is not effective until the 10 days expire.)

Let a peremptory writ of mandate issue directing respondent court to vacate its orders denying petitioner's motions to quash service of process and dismiss the complaint and to enter new orders quashing service and dismissing the action. Petitioner to recover costs.

Franson, J., and Hopper, J., concurred.