[No. G004174. Fourth Dist., Div. Three. Mar. 31, 1988.]

STANLEY MORRIS ESPINDOLA et al., Plaintiffs and Appellants,
v.
JOSE L. NUNEZ, Defendant and Respondent.

**COUNSEL**

Dale A. Castle, W. Breck MacLaren and Craig F. Castle for Plaintiffs and Appellants.

Andrew Lichtman for Defendant and Respondent.

**OPINION**

**WALLIN, J.**—Stanley and Shirley Espindola appeal the trial court's order granting Jose Nunez's motion to quash service of summons based on the Espindolas' failure to exercise due diligence before resorting to substituted service. We reverse.

I

On January 26, 1983, the Espindolas filed a complaint for damages based on negligence, breach of contract, fraud and conspiracy against Jose Nunez, his wife Dayle, and others. An amended complaint was filed January 10, 1986. That same month the Espindolas' lawyer hired an investigator to locate the Nunezes, as his own attempts to find them since late 1985 had been unsuccessful.

On January 17 the process server went to an address provided by the investigator, but the Nunezes had moved eight months earlier. The process server then made three unsuccessful attempts to serve the Nunezes at their current address: January 18 at 8:30 a.m.; January 19 at 11:40 a.m.; and January 21 at 4:50 p.m. On January 22 at 11:30 a.m., the process server found Dayle at home, so he served her with a summons and complaint individually, and left another set for her husband, Jose. Jose successfully moved to quash service on the grounds the Espindolas had failed to show

reasonable diligence in their efforts to serve him personally before resorting to substituted service.[1]

## II

Code of Civil Procedure section 415.20, subdivision (b)[2] was enacted in 1969 as part of a legislative package to update California law on jurisdiction and service of process. It provides: "If a copy of the summons and of the complaint cannot with reasonable diligence be personally delivered to the person to be served . . . , a summons may be served by leaving a copy of the summons and of the complaint at such person's dwelling house . . . in the presence of a competent member of the household . . . , who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint . . . to the person to be served at the place where [the copies] were left. . . ."[3]

Before the 1969 legislation, substituted service on an individual defendant was not authorized in California. (Note, *Substituted Service of Process on Individuals: Code of Civil Procedure Section 415.20(b)* (1970) 21 Hastings L.J. 1257.) Consequently, very little case law defines "reasonable diligence" in that context. ■ We are guided, however, by the explanation of legislative intent in *Pasadena Medi-Center Associates* v. *Superior Court* (1973) 9 Cal.3d 773 [108 Cal.Rptr. 828, 511 P.2d 1180]: "Although some decisions under pre-1969 statutes required strict and exact compliance with the statutory requirements (see 2 Witkin, Cal. Procedure (2d ed. 1970) pp. 1390, 1413-1415), the provisions of the new law, according to its draftsmen, 'are to be liberally construed. . . . As stated in the Nov. 25, 1968, Report of the Judicial Council's Special Committee on Jurisdiction, pp. 14-15: "The provisions of this chapter should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint. . . ." The liberal construction rule, it is anticipated, will eliminate unnecessary, time-consuming, and costly disputes over legal technicalities, without prejudicing the right of defendants to proper notice of court proceedings.' (Li, Attorney's Guide to Cal. Jurisdiction and Process (Cont.Ed.Bar 1970) pp. 57-58.)" (*Id.,* at p. 778.)

Here, the process server attempted three times to serve Jose and Dayle personally at their home. On the fourth try, he found Dayle at home and

---

[1] We have augmented the appellate record on our own motion by obtaining and examining the superior court file.

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[3] There is no dispute concerning the mailing.

served her. Knowing she was Jose's wife and a codefendant in the action, the process server left Jose's copy of the summons and complaint with her as prescribed by section 415.20, subdivision (b). Under these circumstances, reasonable diligence was shown. "Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." (Note, *Substituted Service of Process on Individuals: Code of Civil Procedure Section 415.20(b), supra,* 21 Hastings L.J. at p. 1277.) Furthermore, from a practical standpoint this method of service was reasonably calculated to provide Jose with actual notice of the action. In fact, Jose does not deny he received the copy left for him.

Jose relies on *Evartt v. Superior Court* (1979) 89 Cal.App.3d 795 [152 Cal.Rptr. 836] in urging affirmance of the trial court's order. There, the defendant in an action for assault and battery successfully moved to quash service of summons under section 415.20 for lack of reasonable diligence. For 14 years the defendant had continuously lived one block from the site of the alleged assault. Three days before the expiration of the three-year period within which a plaintiff must effect service, the process server went to the defendant's house and discovered he was on vacation. After two more visits, the process server went a short distance down the street to the defendant's son's house and left a copy there. Later that day, the plaintiff's attorney went to the defendant's residence, left a copy of the summons and complaint with defendant's housesitter, and mailed a copy to the defendant at that address. Two weeks after the three-year period had expired the defendant returned from vacation and discovered the complaint.

The *Evartt* court reviewed the California case law interpreting "reasonable diligence" both before and after the enactment of the current statutory scheme and stated, "In sum, these cases stand for the proposition that if during substantial periods of time the defendant was available for personal service the facts surrounding the attempts to serve the defendant must negative that any reasonable way existed to effectuate such service." *(Id.,* at p. 800.) Applying this proposition to the facts before it, the court concluded, "Here [plaintiff] clearly failed to carry her burden, having not presented one scintilla of information or explanation for her failure to attempt personal service for 2 years and 363 days, during all of which time except for very short periods defendant was available for service at his residence close by. [Footnote omitted.]" *(Id.,* at pp. 801-802.)

Each of the cases relied on by the *Evartt* court dealt with a "reasonable diligence" showing insufficient to uphold an order for service by publication. Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the

defendant, for it is generally recognized that service by publication rarely results in actual notice. (See *Donel, Inc.* v. *Badalian* (1978) 87 Cal.App.3d 327, 332 [150 Cal.Rptr. 855]; Judicial Council of Cal. com., 14 West's Ann. Code Civ. Proc. (1973 ed.) § 415.50, p. 563.) Substituted "abode" service, on the other hand, is widely regarded as an effective way to give actual notice to a defendant. "[S]ubstituted service has been a primary method of service in the federal courts for over 100 years and is recognized in 43 states other than California; only six of these states relegate it to a totally second- ary method of service. [Footnotes omitted.]" (See Note, *Substituted Service of Process on Individuals: Code of Civil Procedure Section 415.20(b), supra,* 21 Hastings L.J. at p. 1278.)

Furthermore, the *Evartt* court appears to have confused the requirement of reasonable diligence before effecting substituted service with the showing of reasonable diligence sufficient to prevent a dismissal for delay in prosecu- tion of an action. (§§ 583.410, subd. (a), former § 583, subd. (a).) Courts have long had the discretion to dismiss a lawsuit where a plaintiff does not exercise diligence in moving the action towards trial; and unexplained and inexcusable delay in serving the summons has been held to constitute sufficient grounds for dismissal. (See, e.g., *Luti* v. *Graco, Inc.* (1985) 170 Cal.App.3d 228 [215 Cal.Rptr. 902].)

In the case before us, however, our view of the Espindolas' attempts at personal service is influenced by the Supreme Court's admonition to con- strue the process statutes liberally " ' "to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant . . . ." ' " (*Pasadena Medi-Center Associates* v. *Superior Court, supra,* 9 Cal.3d at p. 778, quoting the report of the Judicial Council of Cal.'s Special Com. on Jur. (Nov. 25, 1968) pp. 14-15.) Since the actions of the process server were calculated to, and did, result in actual notice, the requirement of reasonable diligence under section 415.20, subdivision (b) was met.

The order is reversed. Appellant is entitled to costs on appeal.

Sonenshine, Acting P. J., and Crosby, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 13, 1988.