Nathaniel **OSUORJI**, Plaintiff–Appellant,

v.

M. **BRITT**, Quality Assurance Manager; et al., Defendants–Appellees.

No. 00–17206.

D.C. No. CV–99–05347–REC.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 28, 2001.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Nathaniel Osuorji, a federal prisoner, appeals pro se the district court's judgment dismissing his *Bivens* action for failure to state a claim, which alleged wrongful termination from his prison employment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal without leave to amend. *See Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir.2001). We affirm in part, and reverse and remand in part.

■ Because Osuorji can amend his retaliation claim to allege that prison officials' actions either did not advance legitimate correctional goals or were not narrowly tailored to meet those goals, the district court erred by dismissing his retaliation claim without granting leave to amend. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir.1995). The district court erred by dismissing Osuorji's equal protection and conspiracy claims without leave to amend because it is not clear that the complaint could not be saved by amendment. *See Lee*, 250 F.3d at 692.

** This disposition is not appropriate for publication and may not be cited to or by the

Accordingly, we reverse and remand on these claims.

■ Osuorji's contention that the district court erred by dismissing his due process claim without leave to amend lacks merit because the removal of Osuorji from his prison employment did not implicate a property interest. *See Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir.1989). We affirm on the due process claim.

Osuorji's contention that Dieck was properly served under Cal.Civ.Proc.Code § 415.20(b) has merit because Osuorji showed evidence of reasonable diligence in personally serving Dieck. *See Espindola v. Nunez*, 199 Cal.App.3d 1389, 245 Cal. Rptr. 596, 598 (1988). Therefore, the dismissal of all claims against Dieck based on a failure to properly serve is also reversed.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**