Filed 4/1/15  Cavalleri Holding v. Haggstrom CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CAVALLERI HOLDING COMPANY,<br><br>               Plaintiff and Respondent,<br><br>     v.<br><br>ROBERT CHURCH HAGGSTROM,<br><br>               Defendant and Appellant. | B255905<br><br>(Los Angeles County<br> Super. Ct. No. SC117243) |

APPEAL from the judgment of the Superior Court of Los Angeles County. Allan J. Goodman, Judge.  Affirmed.

Logan Law and Garfield L. Logan for Defendant and Appellant.

Peterson & Brynan and Jeffrey Brynan for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Robert Church Haggstrom appeals from the trial court's order denying his motion for relief from default. Defendant argued entitlement to relief pursuant to Code of Civil Procedure section 473,[1] subdivisions (b) and (d), and section 473.5. Plaintiff and respondent Cavalleri Holding Company opposed the motion, contending the substituted service on defendant was valid, and that defendant's motion was untimely and procedurally inadequate. The trial court denied defendant's motion, finding defendant had failed to present sufficient evidence warranting relief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2012, plaintiff filed an action for breach of contract and related claims against defendant arising from a commercial lease agreement. Defendant signed the written lease and guaranty agreements attached to the complaint. Both documents identify 6415 Busch Drive in Malibu as the address at which defendant should be served with all notices.

On August 28, 2012, plaintiff filed a proof of service with the court, executed by a registered process server, attesting to substituted residential service on defendant. The declaration states the process server served defendant at the Malibu address on August 2, 2012, at 3:20 in the afternoon by leaving the documents with a "co-occupant/persn in chrg." The person was identified as "Jane Doe" who refused to give her name (white female, 30 years old, blond hair, blue eyes, 5'6", 150 lbs). The declaration also states an additional set of service documents was served by mail to the same address on August 3, 2012.

The due diligence declaration attached to the proof of service provides that the first effort at personal service on defendant was made June 11, 2012, at 7:30 in the evening at the Malibu address, a residence, but that no one appeared to be home. The declaration then documents seven attempts between June 15 and July 5, 2012, at an alternate address, apparently for defendant's boat, at the Newport Harbor Yacht Club.

---

[1]     All further undesignated section references are to the Code of Civil Procedure.

2

The process server attested that during those attempts, he spoke with numerous individuals about the current slip location for defendant's boat and was told the boat might be in Catalina for the Fourth of July weekend. On July 5, the process server also noted being advised by the attorney that defendant was staying at the Balboa Bay Club, but he was not registered under his own name.

The due diligence declaration also provides that on July 5, 2012, another attempt was made at the Malibu address, but the process server was told that "the estate" was "closed for public viewing" and that defendant was "not residing in Malibu now." At least three more efforts to personally serve defendant at the Balboa Bay Club up through July 20, 2012, were attempted to no avail, with the process server noting the club was "exclusive," gated, and that only members were allowed in.

The due diligence declaration concludes with the notation that on August 2, 2012, the process server returned to the Malibu address and left the documents with the woman who resided there or was apparently in charge, and who refused to give her name.

A request for entry of default was served by mail on defendant at the Malibu address on September 13, 2012, and entered by the clerk the same date. A default judgment by the court was entered thereafter on March 1, 2013, following a default prove-up hearing, in favor of plaintiff and against defendant in the total amount of $560,512.41.

On August 30, 2013, almost a year after the entry of default, defendant filed his motion to set aside the entry of default and default judgment, supported by defendant's declaration and the declaration of his attorney, Garfield Logan. Plaintiff filed written opposition arguing the validity of the substituted service, and also that defendant's motion was untimely and failed to include a proposed answer. The opposition contained a copy of a letter received by plaintiff's counsel from Attorney William Mitchell, dated April 3, 2013, sent on behalf of defendant. The letter acknowledged Mr. Mitchell's receipt of the Notice of Entry of Judgment served by mail on plaintiff at the Malibu address and claimed that defendant was "unaware of the action." Defendant filed a reply brief and attached a copy of his proposed answer. A hearing was held February 18, 2014.

3

After taking the matter under submission, the court issued its ruling later the same day, denying defendant's motion for relief.

This appeal followed.

## DISCUSSION

Defendant contends he is entitled to relief from default based on three alternative grounds: (1) the default and default judgment are void pursuant to section 473, subdivision (d) on the face of the record due to defective service; (2) the substituted service was not effected in accordance with the statutory requirements and did not result in actual notice of the action thus rendering the default judgment void pursuant to section 473.5; and (3) defendant suffers from a medical disability amounting to excusable neglect warranting relief from his failure to timely answer pursuant to section 473, subdivision (b).

### 1.  Timeliness

Defendant's motion, to the extent it sought discretionary relief pursuant to section 473, subdivision (b), was untimely and properly denied on that basis.[2]  According to the plain statutory language, a motion for discretionary relief must be filed within six months of entry of *default*, not entry of *judgment*.  Defendant's motion did not seek mandatory relief based on an attorney's affidavit of fault, which may be sought within six months of entry of judgment.  In his reply brief before this court, defendant concedes that only discretionary relief was requested under subdivision (b).  Defendant's motion was filed over a year after entry of default, and therefore discretionary relief was no longer available to defendant.  (See generally, *Sugasawara v. Newland* (1994) 27 Cal.App.4th 294, 296-297, and 8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 176, p. 774.)

---

[2]     The trial court's ruling did not make express findings on the timeliness of the motion with respect to the alternative grounds for requested relief.  Nonetheless, we review the ruling, not the reasoning.  (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 182 (*Trackman*).)

4

However, defendant's motion was filed within the separate time limits specified for requests for relief under subdivision (d) of section 473, and under section 473.5. Defendant's claim for relief under these two provisions is based on the argument the default and default judgment are void for defective service of process and lack of actual notice. Accordingly, the motion had to be filed within two years of entry of the default judgment. (See § 473.5, subd. (a); *Rogers v. Silverman* (1989) 216 Cal.App.3d 1114, 1120-1124 [where motion for relief is made under section 473, subd. (d) on grounds the default judgment is void because of improper service, the two-year limitation period contained in section 473.5 applies by analogy]; accord, *Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 301, fn. 3 (*Gibble*).) Defendant's motion was filed within six months of the entry of default judgment.

**2.     Procedural Defects**

Plaintiff argues defendant's motion was defective for failing to attach a proposed responsive pleading as required by both section 473, subdivision (b) and section 473.5, subdivision (b). However, defendant presented a proposed answer concurrently with his reply brief, and is therefore deemed to have substantially complied with the statutory requirement. (*Job v. Farrington* (1989) 209 Cal.App.3d 338, 340-341.)

The trial court, in its ruling, noted the procedural defects in defendant's two supporting declarations, namely that they did not state they were executed in California or, alternatively, that they were made under penalty of perjury "under the laws of the State of California" in violation of section 2015.5. (*Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 612, 618.) However, plaintiff never raised this objection in the trial court. It appears the issue was raised sua sponte by the court in its written ruling. Because plaintiff failed to object on this ground below, the issue has not been preserved for appeal. (*Fuller v. Goodyear Tire & Rubber Co.* (1970) 7 Cal.App.3d 690, 693.)

**3.     Section 473, Subdivision (d)**

Defendant argues the default and default judgment are void and must be set aside under section 473, subdivision (d). Defendant contends the process server's declaration

5

of service shows on its face that the Malibu address was not defendant's residence, but that defendant was residing at the Balboa Bay Club. Further, defendant argues there is nothing in the service declaration showing that the "Jane Doe" with whom the documents were left was a co-occupant or competent member of defendant's household within the meaning of section 415.20, subdivision (b). Defendant thus argues, the service declaration alone demonstrates the substituted residential service was defective as a matter of law rendering the default and default judgment void.

Defendant's facial challenge "does not hinge on evidence: A void judgment's invalidity appears on the *face of the record*, including the proof of service." (*Trackman*, *supra*, 187 Cal.App.4th at p. 181; accord, *Dill v. Berquist Construction Co*. (1994) 24 Cal.App.4th 1426, 1440-1443 (*Dill*).) In such circumstances, our review is de novo. (*Cruz v. Fagor America, Inc*. (2007) 146 Cal.App.4th 488, 496; accord, *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200 (*Hearn*) [Where question presented "is whether the entry of default and the default judgment were void for lack of proper service of process, we review the trial court's determination de novo"].)

Defendant's contention is not supported by the record. When personal service pursuant to section 415.10 cannot be effectuated on an individual defendant despite reasonable diligence, substituted service may be made in accordance with section 415.20. Subdivision (b) of section 415.20 allows a process server to leave the summons and complaint at the "dwelling house" or "usual place of abode" followed by service by mail of a duplicate set of the documents.

Plaintiff filed a declaration of service showing substituted residential service. The filing of a proof of service creates a rebuttable presumption the service effected was proper, but that "presumption arises only if the proof of service complies with the statutory requirements regarding such proofs." (*Dill*, *supra*, 24 Cal.App.4th at p. 1442; see also 3 Witkin, Cal. Procedure, *supra*, Actions, § 1066, pp. 1272-1273.)

When an individual defendant is served by substituted service pursuant to section 415.20, the declaration of service must be executed by "the person making the service showing the time, place, and manner of service and facts showing that the service

6

was made in accordance with this chapter. The affidavit shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served." (§ 417.10, subd. (a).)

The declaration here substantially comports with the statutory requirements of section 417.10. (*Gibble*, *supra*, 67 Cal.App.4th at p. 313 [strict compliance is not required, service statutes are to be liberally construed to effectuate service].) The process server identified the "time, place, and manner of service" at the residential address identified by defendant in the lease agreement which gave rise to this action as the address at which he was to be served with all notices. (*Corcoran v. Arouh* (1994) 24 Cal.App.4th 310, 315 [reasonable "connection" must be shown "between the address at which substituted service is effectuated and the party alleged to be served"].) The process server identified the woman at the residence with whom the documents were left as "Jane Doe" because she refused to tell him her name, and described her appearance. Because co-occupants and persons otherwise in charge at locations where substituted service is attempted often refuse to identify themselves, "it is an accepted practice to name such persons" as "John Doe" or "Jane Doe." (*Trackman*, *supra*, 187 Cal.App.4th at p. 183.) Doing so does not render the declaration of service defective. (*Id*. at pp. 184-185.) The declaration also shows follow-up service by mail to the Malibu address was completed the day after service at the home.

Furthermore, the due diligence declaration shows multiple attempts over a period of weeks to personally serve defendant at his residence, or his boat, or at the yacht club where he may have been staying some of the time. The process server stated the boat could not be found, the club was gated, and he was repeatedly denied access to serve defendant personally. " ' " 'Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.' [Citation.]" ' [Citations.]" (*Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1182; accord, *Espindola v. Nunez* (1988) 199 Cal.App.3d 1389, 1392 (*Espindola*).)

7

"Litigants have the right to choose their abodes; they do not have the right to control who may sue or serve them by denying them physical access. . . . [A] 'defendant will not be permitted to defeat service by rendering physical service impossible.' [Citation.] 'The evident purpose of Code of Civil Procedure section 415.20 is to permit service to be completed upon a good faith attempt at physical service on a *responsible person. . . .*' [Citation.] Service must be made upon a person whose 'relationship with the person to be served makes it more likely than not that they will deliver process to the named party.' [Citation.]" (*Bein v. Brechtel-Jochim Group, Inc*. (1992) 6 Cal.App.4th 1387, 1393 [finding valid the substituted service on a gate guard of defendants' gated community after three efforts by process server to obtain access proved unsuccessful and defendants did not make any claim that they did not actually receive service].)

We reject defendant's argument the notes included by the process server in the service declaration show that service at the Malibu address was defective. Defendant contends the notes show the process server was told the Malibu address was not defendant's residence. They do not. The notes reflect at most that defendant may have been spending periods of time on his boat or at a yacht club. There is nothing indicating that the Malibu address was no longer defendant's "usual place of abode" simply because he was temporarily away. We conclude the proof of service was *not* facially defective, and relief under section 473, subdivision (d) was properly denied.

**4.     Section 473.5**

Defendant raises the same defective service arguments in support of his contention the substituted service failed to provide him actual notice of the action, thus entitling him to relief under section 473.5.

A motion for relief under section 473.5 must be supported by evidence. (§ 473.5, subd. (b).) We review a trial court's ruling on such a motion under the deferential abuse of discretion standard. (See *Strathvale Holdings v. E.B.H*. (2005) 126 Cal.App.4th 1241, 1249; accord, *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478, and *Hearn*, *supra*, 177 Cal.App.4th at p. 1200 [" 'all presumptions will be made in favor of the correctness of the order, and the burden of showing abuse is on the appellant' "].)

8

"A party seeking relief under section 473.5 must provide an affidavit showing under oath that his or her lack of actual notice in time to defend was *not caused by inexcusable neglect or avoidance of service*." (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1319, italics added [affirming denial of relief where defendant relied on declarations from attorney and investigator containing hearsay and no competent evidence the defendant did not have actual notice of the action].)

Defendant was *not* served by publication, a form of constructive service which often does not result in actual notice to the defendant. As discussed at length above, defendant was served by substituted service at his residence. (*Espindola*, *supra*, 199 Cal.App.3d at p. 1393 [substituted residential service is "widely regarded as an effective way to give actual notice to a defendant"].)

To establish his lack of actual notice, defendant offered only his declaration and the declaration of his attorney, Mr. Logan. Defendant stated he suffers from Parkinson's disease. He further stated that during 2011 and 2012 he was on "increasing levels of medications" affecting his mental capacity, he underwent brain surgery, and he suffered several strokes. At the time the declaration was executed, defendant stated he still suffered from numerous symptoms and complications of treatment, but had "recovered some of [his] cognitive abilities." He appointed an "Attorney-in-Fact" at some unspecified time to assist him with financial matters. Defendant did not state that the Malibu address was not his residence, or that he did not receive the service documents. He only said he did "not recall having seen the Summons or Complaint."

Mr. Logan attested in his declaration to having personally witnessed "the symptoms" of defendant's Parkinson's disease, and that he was made aware of this action only after defendant's attorney-in-fact received a copy of the notice of entry of judgment.

There is no declaration of a treating physician as to the nature of defendant's disability. There is no evidence the service documents left at, and mailed to, the Malibu address were ever returned as undeliverable. Without minimizing the difficulties that must come from coping with Parkinson's disease, we cannot conclude the trial court abused its discretion in finding such scant evidence insufficient to show lack of actual

9

notice and lack of inexcusable neglect in failing to timely defend. (*Davis v. Thayer* (1980) 113 Cal.App.3d 892, 909 [conclusory declaration by defendant as to poor health and lack of supporting declaration from doctor insufficient to show excusable neglect]; see also *Transit Ads, Inc. v. Tanner Motor Livery, Ltd*. (1969) 270 Cal.App.2d 275, 285-287.)

## DISPOSITION

The order denying relief from default is affirmed. Plaintiff and respondent Cavalleri Holding Company is entitled to costs on appeal.

GRIMES, J.

We concur:

BIGELOW, P. J.

FLIER, J.